1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  THOMAS T. ALFORD,                          No.  2:13-cv-2143 DAD P

12         Plaintiff,

13     v.                                      ORDER

14  DR. GYAAMI et al.,

15         Defendants.

16

17      Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under

18  42 U.S.C. § 1983.  Several of the parties' motions are pending before the court, including

19  defendants' motion to dismiss pursuant to Rule 12(b)(6) and plaintiff's motion for leave to file an

20  amended complaint.

21                       **THE PARTIES' MOTIONS**

22      On June 3, 2014, defendants filed a motion to dismiss based on plaintiff's alleged failure

23  to exhaust his administrative remedies prior to filing suit as required.  In that motion, defense

24  counsel argues that based on the face of the complaint, including the exhibits attached thereto, it

25  is clear that plaintiff failed to exhaust the administrative remedies available to him prior to filing

26  suit.  (Defs.' Mot. to Dismiss at 5.)

27      Under the mailbox rule, on June 4, 2014, plaintiff filed a first amended complaint in this

28  action that named several more defendants and included additional exhibits.  Shortly thereafter,

1

1 plaintiff filed an opposition to defendants' motion to dismiss and argued that defendants' pending
2 motion to dismiss is now moot in light of his filing of a first amended complaint.  Plaintiff also
3 filed a motion for leave to amend his complaint and argued that the additional exhibits attached to
4 the first amended complaint demonstrate that he has exhausted administrative remedies.  (Pl.'s
5 Opp'n to Defs.' Mot. to Dismiss at 1; Pl.'s Mot. to Am. at 1.)

6 Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend his pleading
7 once as a matter of course "21 days after service of a motion under Rule 12(b)."  Fed. R. Civ. P.
8 15(a)(1)(B).  Here, plaintiff filed his first amended complaint one day after defendants filed their
9 motion to dismiss pursuant to Rule 12(b)(6).  Under these circumstances, the court will deny
10 defendants' motion to dismiss as having been rendered moot.  In addition, the court will deny
11 plaintiff's motion for leave to amend as unnecessary.  Finally, the court will screen plaintiff's first
12 amended complaint.

13 **SCREENING REQUIREMENT**

14 The court is required to screen complaints brought by prisoners seeking relief against a
15 governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
16 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
17 that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
18 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
19 U.S.C. § 1915A(b)(1) & (2).

20 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
21 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
22 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
23 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
24 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
25 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
26 Cir. 1989); Franklin, 745 F.2d at 1227.

27 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
28 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
2  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
3  However, in order to survive dismissal for failure to state a claim a complaint must contain more
4  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
5  allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550
6  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
7  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
8  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
9  doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

    The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or
omits to perform an act which he is legally required to do that causes the deprivation of which
complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
their employees under a theory of respondeat superior and, therefore, when a named defendant
holds a supervisorial position, the causal link between him and the claimed constitutional
violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
concerning the involvement of official personnel in civil rights violations are not sufficient. See
Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

**PLAINTIFF'S AMENDED COMPLAINT**

In his amended complaint, plaintiff has named as defendants Dr. Gyaami, Dr. Calderon, S. Robinson, Dr. Hu, Dr. Clark, Dr. Kapoor, Dr. Gerbasi, and J. Lewis. As in his original complaint, plaintiff alleges that defendant Dr. Gyaami failed to provide him with adequate dental care in connection with his teeth cleaning, fillings, and crown placement. Plaintiff alleges that the dental care provided by Dr. Gyaami forced plaintiff to "flop around like [a] fish" in the dental chair, but the defendant nonetheless refused to stop the procedures. Plaintiff alleges that defendant Dr. Calderon, defendant Dr. Gyaami's supervisor, covered up defendant Gyaami's improper conduct and included false statements in reports addressing that conduct. Finally, plaintiff alleges that the remaining defendants failed to exhibit concern for plaintiff and were complicit in the cover-up of defendant Dr. Gyaami's conduct. In terms of relief, plaintiff requests damages as well as an independent dental examination and further treatment. (Am. Compl. at 5-5f & Ex. C.)

**DISCUSSION**

The court finds that plaintiff's amended complaint appears to state a cognizable claim for relief against defendants Dr. Gyaami and Dr. Calderon. See 42 U.S.C. § 1983 & 28 U.S.C. § 1915A(b). Specifically, plaintiff's complaint appears to state a claim for inadequate dental care against these defendants. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). If plaintiff can prove the allegations of his amended complaint, he has a reasonable opportunity to prevail on the merits of this action.

The court also finds, however, that plaintiff's complaint does not state a cognizable claim against defendants S. Robinson, Dr. Hu, Dr. Clark, Dr. Kapoor, Dr. Gerbasi, and J. Lewis. In his amended complaint, plaintiff has not alleged wrongdoing on the part of these defendants that could even arguably rise to the level of "deliberate indifference." See Hunt, 865 F.2d at 201. It is well established that vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Accordingly, the case will proceed on plaintiff's claims only against defendants Dr. Gyaami and Dr. Calderon, and the court will direct defendants to file a responsive pleading to plaintiff's amended complaint within thirty days.

**OTHER MATTERS**

Also pending before the court is plaintiff's motion for a court order requiring defendants to preserve evidence, such as any teeth plaintiff loses. In support of this motion, plaintiff asserts that defendants have already disposed of two of plaintiff's teeth that were previously extracted. Plaintiff is advised that where, as here, the court has identified potential claims at issue, the parties have a duty to preserve evidence that they "know or reasonably should know is relevant to the action." In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) (internal citations omitted). No court order is required to trigger this duty. At this time, plaintiff has not made a showing that a specific preservation order is warranted. Accordingly, the court will deny plaintiff's motion as unnecessary.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. No. 14) is denied as moot;

2. Plaintiff's motion for leave to amend (Doc. No. 17) is denied as unnecessary;

3. Defendants Dr. Gyaami and Dr. Calderon shall file a responsive pleading to plaintiff's amended complaint within thirty days of the date of this order; and

4. Plaintiff's motion to preserve evidence (Doc. No. 13) is denied as unnecessary.

Dated: October 6, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
alfo2143.57

5